USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #
DATE FILED: 4/15/05

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

In the Matter of the Arbitration

    -between-

COIMEX TRADING (SUISSE) S.A.,

                       Petitioner,

        -and-                    05 Civ. 2630 (LLS)

CARGILL INTERNATIONAL S.A.,         **OPINION and ORDER**

                       Respondent.

------------------------------------X

Coimex has applied by letters to the court dated April 7, 2005 (with exhibits) and April 12, 2005, opposed by Cargill in its letter dated April 8, 2005, with exhibits, for a direction to Cargill to suspend further prosecution of Cargill's pending litigation in Switzerland, pending the determination of Coimex's petition to arbitrate, in New York, the issues involved in that litigation. After hearing the parties today, by counsel, the application for a stay of the Swiss litigation is denied.

As demonstrated by the correspondence and submissions already received in this case, the fundamental issue is whether petitioner Coimex and respondent Cargill have an agreement to arbitrate the amount of demurrage[1] payable for delays in loading shipments of

---

[1] An admiralty term for damages incurred by unanticipated delay of a vessel; i.e., "if the time to load or unload the vessel at port takes longer than that agreed on," Black's Law Dictionary 465 (8th ed.).

ethanol that Coimex sold to Cargill "FOB and stowed" on Cargill's nominated ships at Santos, Brazil.

The contract of sale had no arbitration clause. Its provision regarding loading conditions adopted the method of calculating demurrage set forth in a standard form of charter agreement, the ASBATANKVOY[2] charter party form. The sales contract paragraph 9(b) stated "NOR[3] + laytime counting to be as per ASBATANKVOY charter party form." "Laytime counting" deals with calculating the effects of delays and the amount of demurrage.

The ASBATANKVOY charter party form contains, inter alia, provisions defining and governing the giving of notice of readiness and commencement of laytime (¶ 6), hours for loading and discharging and counting of delays due to breakdown or inability of the vessel to load or discharge, port regulations prohibiting loading or discharging of cargo at night, time consumed in moving between berths, discharging ballast water, etc. (¶ 7), and liability for payment of demurrage under various circumstances (¶ 8). Clearly, those provisions were incorporated by reference into the parties' contract of sale.

The ASBATANKVOY form as a whole is far more comprehensive, containing 26 numbered paragraphs (some with subdivisions) covering all aspects of the ship's charter. Paragraph 24 provides for

---

[2] This appears to be an acronym for the Association of Ship Brokers and Agents (U.S.A.), Inc. [or ASBA], Tanker Voyage Charter Party.

[3] "Notice of Readiness" of a vessel to load or discharge cargo.

2

arbitration of "Any and all differences and disputes of whatsoever nature arising out of this Charter" in New York City or London, whichever is specified elsewhere in the charter. Of course no such place was specified in the contract of sale between the parties to this case, for their contract had no arbitration clause.

Coimex argues that the phrase in its contract of sale "NOR + laytime counting to be as per ASBATANKVOY charter party form" incorporated not only the ASBATANKVOY provisions regarding counting laytime, but also the ASBATANKVOY arbitration clause.

No reason appears to support such a sweeping conclusion. The contract of sale contains no language adopting any portion of the ASBATANKVOY form except those specifically referring to notice of readiness and laytime counting.

Under the entire ASBATANKVOY charter form, all its substantive provisions are covered by its arbitration clause. That coverage is provided only by the language of its arbitration clause, not by that of any of the independent substantive clauses. Thus, one can freely select and incorporate an ASBATANKVOY substantive clause, without also incorporating its arbitration provision. Each clause of the ASBATANKVOY form stands alone, and none is automatically the subject of arbitration unless one also incorporates the arbitration clause.

Here, since the parties' contract of sale did not adopt the ASBATANKVOY arbitration clause, they are not bound by it.

Accordingly Coimex's argument, that a duty to arbitrate was incorporated in its sales agreement by the reference to the ASBATANKVOY form, is untenable as a matter of law.

In its petition, Coimex alleges that both parties nevertheless intended to arbitrate any disputes under the contract, based on their long-time participation in commodities trading and transportation, and their prior course of dealings with each other. This may raise triable issues of fact, requiring further proceedings rather than immediate dismissal of the petition.

However, as the situation appears at present there is insufficient evidence of an agreement to arbitrate to justify enjoining either party from proceeding with litigation, whether here or in Switzerland.

Coimex's application is denied.

So ordered.

DATED: New York, New York
April 15, 2005

*Louis L. Stanton*
LOUIS L. STANTON
U. S. D. J.