```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
In the Matter of the Arbitration

          -between-

COIMEX TRADING (SUISSE) S.A.,              05 Civ. 2630 (LLS)

                   Petitioner,    Memorandum Opinion

          -and-

CARGILL INTERNATIONAL S.A.

                   Repondent.
------------------------------------x
```

Cargill's application for leave to seek an award of attorneys' fees against Coimex for bringing its petition for arbitration (now dropped because of my April 15, 2005 ruling that there was no written agreement to arbitrate) relies upon Swiss law, and thus fails for two reasons: Swiss law did not apply to the determination whether there was an agreement to arbitrate, and Swiss law does not apply to the decision whether to award attorneys' fees.

                              1.

In this non-diverse action under the Federal Arbitration Act and Convention (9 U.S.C. §§ 2, 202), the determination whether there is an agreement to arbitrate depends on federal, not state, law.  Thus, there is no wholesale adoption (as there might be in a diversity case) of New York's choice of law provisions.  The body of federal law is "already well-

developed" and there is no need to refer to New York State principles of contract law which, if needed, would be only used as rules of decision. See Smith/Enron Cogeneration v. Smith Cogeneration, 198 F.3d 88, 95-96 (2d Cir. 1999)("as this is a federal question case under 9 U.S.C. § 203 and not a diversity case, we see no persuasive reason to apply the law of New York simply because it is the forum of this litigation"). As that court stated, ibid:

> When we exercise jurisdiction under Chapter Two of the FAA, we have compelling reasons to apply federal law, which is already well-developed, to the question of whether an agreement to arbitrate is enforceable. See David L. Threlkeld & Co., 923 F.2d at 249-50 (holding Convention and FAA preempt Vermont statute); Genesco, Inc. v. T. Kakiuchi & Co., 815 F.2d 840, 845-46 (2d Cir. 1987)(applying federal common law in case arising under the Convention); Borsack v. Chalk & Vermilion Fine Arts, Ltd., 974 F.Supp. 293, 299 n.5 (S.D.N.Y. 1997)("[W]here jurisdiction is alleged under chapter 2 of the Federal Arbitration Act the issue of enforceability and validity of the arbitration clause is governed by federal law.")

2.

This court never reached the merits of the underlying contract dispute, so it is immaterial whether the winner of that dispute (by trial or arbitration) could then recover attorneys' fees under Swiss law.

Swiss law has no application to an award of attorneys' fees on the separate ground that Coimex's petition was

Bratt, No. 98 Civ. 9060, 2000 U.S. Dist. LEXIS 12774, at *2 (S.D.N.Y. Sept. 5, 2000), aff'd, No. 00-9395, 2001 U.S. App. LEXIS 20559 (2d Cir. June 19, 2001). As stated by Judge Friendly in Conte v. Flota Mercante Del Estado, 277 F.2d 664, 672 (2d Cir. 1960):

> . . .no authority is needed for the proposition that a court will tax ordinary court costs in accordance with its own practice rather than that of the state where the claim arose. . . . We think the same rule should govern with respect to the fees of counsel, also officers of the court. As pointed out in Goodhart, Costs, 38 Yale L.J. 849, 872-77 (1929), the American practice of generally not including counsel fees in costs was a deliberate departure from the English practice, stemming initially from the colonies' distrust of lawyers and continued because of a belief that the English system favored the wealthy and unduly penalized the losing party. On a matter so intimately related to judicial administration the forum will follow its own policy.

3.

In the parties' competition to file unpersuasive applications, the honors are about equal. Coimex sought arbitration, with no written agreement to arbitrate. Cargill sought attorneys' fees under Swiss law, which does not apply.

No costs will be allowed to either side.

So ordered.

DATED: New York, New York
May 19, 2005

*Louis L. Stanton*
LOUIS L. STANTON
U.S.D.J.